Filed 6/26/23  P. v. Rivera CA2/3

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | B324110 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BA459245) |
| v. | |
| ALBERTO RAFAEL RIVERA, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Henry J. Hall, Judge.  Affirmed.

Alberto Rafael Rivera, in pro. per.; Christine M. Aros, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Alberto Rivera appeals from an order denying his petition for resentencing under Penal Code[1] section 1172.6.[2]  His appellate counsel filed a brief under *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*), and Rivera filed a supplemental brief asking us to consider whether the instructions given at his trial allowed the jury to convict him of attempted murder under an invalid theory of imputed malice.[3]  As we now explain, Rivera was not convicted of attempted murder under a now-invalid theory, and therefore he is not eligible for resentencing under section 1172.6.

---

[1]     All further undesignated statutory references are to the Penal Code.

[2]     Effective June 30, 2022, section 1170.95 was renumbered to section 1172.6, with no change in text.  (Stats. 2022, ch. 58, § 10.)

[3]     *Delgadillo*, *supra*, 14 Cal.5th 216, held that the procedures in *Anders v. California* (1967) 386 U.S. 738 and *People v. Wende* (1979) 25 Cal.3d 436 do not apply to appeals from the denial of postconviction relief under section 1172.6.  The court instructed that on appeal from an order denying section 1172.6 relief, a counsel who finds no arguable issue should file a brief informing the appellate court of that determination and include a concise factual recitation.  (*Delgadillo*, at pp. 231–232.)  The appellate court shall send a copy of the brief to the defendant informing the defendant of the right to file a supplemental brief and that if one is not filed within 30 days, the court may dismiss the matter.  (*Ibid.*)  If, as Rivera has done here, a supplemental brief is filed, we must evaluate the contentions in it.  (*Id.* at p. 232.)  If a supplemental brief is not filed, we may dismiss the appeal as abandoned without a written opinion, although we retain discretion to independently review the record.  (*Ibid.*)

## INTRODUCTION

I.      The underlying crime[4]

Rivera was jointly tried with fellow Easy Rider gang
members Ronald Hernandez and Dario Alfaro for attempted
murder and shooting at an occupied vehicle.  The victim testified
that one afternoon in July 2017 he was driving by an apartment
building when he heard someone yell.  He stopped in front of the
apartment building where three Hispanic men had been
standing, two of whom the victim identified as Hernandez and
Rivera.  Hernandez and Rivera walked up to the victim, who
said, "What's up?"  Hernandez and Rivera threw gang signs and
replied, "Riders."  The victim did not associate with gangs, so he
left.  Hernandez threw something at the victim's car.

Later, as the victim was taking a shortcut through a nearby
car wash, he saw Hernandez and Rivera in a Mercedes.
Hernandez was driving, and Rivera was the front passenger.  The
victim could not tell if anyone else was in the car.  The Mercedes
made a U-turn to follow the victim.  The victim saw Rivera reach
down.  As the Mercedes got closer, the victim sped away.  When
the victim turned onto another street, he heard his pursuers
revving the engine, and then the Mercedes ran into the victim's
car.  Multiple gunshots struck the victim's car.

A witness saw someone in the passenger side backseat of
the Mercedes fire a revolver three to four times.  However, the

---

[4]      We derive the facts from the opinion affirming Rivera's
judgment of conviction, *People v. Rivera* (Aug. 20, 2020, B297551)
[nonpub. opn.].  On our own motion, we take judicial notice of
that opinion and of the records from that appeal.  (Evid. Code,
§§ 451, subd. (a), 452, subd. (d).)

witness could not tell how many people were in the Mercedes and saw none of their faces.

Incriminating text messages were introduced at trial. Around the time of the shooting, Alfaro texted his girlfriend that if she got "a jail call[,] answer." He later told her that he, Hernandez, and another guy had an altercation with someone whom they chased and crashed into. He said they were in Hernandez's car, and shots were fired.

The day before the shooting, Rivera had complained to Alfaro in text messages that Hernandez was keeping the gun from him. Another Easy Rider gang member known as "Kasper" resolved the dispute by designating Alfaro to be "on point," meaning in charge of the gun. Kasper instructed that the gun was for emergencies only and that Alfaro should keep it unless either Kasper or "Sparks" (another Easy Rider gang member) asked for it. Alfaro confirmed that he had the gun. The day after the shooting, Rivera told Alfaro via Facebook that "Strangers" (a gang moniker associated with Hernandez) had been arrested, and "someone followed us and snitched."

Hernandez testified that Rivera was the front seat passenger and that when they saw the victim, Rivera said he was going to "dump on" him, pulled out a gun, and shot at the victim.

II.     Verdict and sentence

A jury found Rivera guilty of willful, deliberate, and premeditated attempted murder (§§ 187, subd. (a), 664, subd. (a); count 1) and of shooting at an occupied motor vehicle (§ 246; count 3). As to both counts, the jury found true gang (§ 186.22, subd. (b)) and principal gun use (§ 12022.53, subds. (b), (c), (e)(1))

4

allegations.[5]  On April 24, 2019, the trial court sentenced Rivera on count 1 to life with a minimum parole eligibility period of seven years plus 20 years for the gun enhancement.  The trial court imposed and stayed a sentence on count 3.

III.    Section 1172.6 petition for resentencing

In April 2022, Rivera petitioned for resentencing on his attempted murder conviction under section 1172.6.  The trial court appointed counsel to represent Rivera.  The People opposed the petition on the ground that Rivera was not prosecuted under the natural and probable consequences doctrine and was instead prosecuted and convicted as a direct aider and abettor.  Agreeing with the People, the trial court denied Rivera's petition without holding an evidentiary hearing.

This appeal followed.  Court-appointed appellate counsel filed an opening brief that raised no issues and asked this court to independently review the record under *Delgadillo*, *supra*, 14 Cal.5th 216.  We directed appellant's counsel to send Rivera the record and a copy of the opening brief, and we advised that within 30 days of the date of the notice, Rivera could submit a supplemental brief or letter stating any grounds for an appeal, or contentions, or arguments he wished this court to consider.  Rivera has submitted a supplemental brief in which he argues that the instructions allowed the jury to convict him on a theory under which malice was imputed to him solely based on his participation in the felony.

---

[5]     The jury found Alfaro and Hernandez guilty of the same crimes and allegations, as well as vandalism.

# DISCUSSION

Senate Bill No. 1437 (2017–2018 Reg. Sess.) added section 1172.6 to limit accomplice liability for, among other crimes, murder and, as amended, attempted murder. (See generally *People v. Vizcarra* (2022) 84 Cal.App.5th 377, 388 [Sen. Bill No. 775 broadened pool of petitioners eligible for resentencing].) Section 1172.6, subdivision (a), thus provides that a "person convicted of felony murder or murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime, attempted murder under the natural and probable consequences doctrine, or manslaughter" may petition to have that person's conviction vacated and for resentencing. (See generally *People v. Lewis* (2021) 11 Cal.5th 952, 957, 959; *People v. Gentile* (2020) 10 Cal.5th 830, 842–843.) As relevant here, to amend the natural and probable consequences doctrine, Senate Bill No. 1437 added section 188, subdivision (a)(3), which provides that outside of what felony murder liability remains in section 189, subdivision (e), "to be convicted of murder, a principal in a crime shall act with malice aforethought. Malice shall not be imputed to a person based solely on [the person's] participation in a crime." (See also *Gentile*, at pp. 842−843.)

On the filing of a petition under section 1172.6, if the petitioner makes a prima facie showing of entitlement to relief, the trial court shall issue an order to show cause and hold an evidentiary hearing at which the prosecution bears the burden of proving beyond a reasonable doubt that the petitioner is guilty of murder or attempted murder under the amended law. (§ 1172.6, subd. (d)(3).) A defendant is entitled to counsel, if requested,

6

upon the filing of a facially sufficient petition, that is, one that makes the necessary averments, without regard to the defendant's eligibility for relief. (*People v. Lewis*, *supra*, 11 Cal.5th at p. 957.) If the trial court determines that the petitioner has made such a prima facie showing, it must appoint counsel, issue an order to show cause, and then "hold a hearing 'to determine whether to vacate the murder conviction and to recall the sentence and resentence the petitioner on any remaining counts in the same manner as if the petitioner had not . . . previously been sentenced, provided that the new sentence, if any, is not greater than the initial sentence.' " (*Id.* at p. 960.)

The trial court here did not err in denying Rivera's section 1172.6 petition. That is, Rivera's jury was not instructed on the natural and probable consequences doctrine or on a theory under which malice was imputed to him. Instead, the jury was instructed on direct aiding and abetting via CALCRIM Nos. 400 and 401. Senate Bill No. 1437 did not eliminate direct aiding and abetting liability for murder and attempted murder. (*People v. Gentile*, *supra*, 10 Cal.5th at p. 848; *People v. Cortes* (2022) 75 Cal.App.5th 198, 204–205 [petitioner convicted of murder and attempted murder either as perpetrator or direct aider and abettor ineligible for § 1172.6 relief]; see *People v. Nguyen* (2015) 61 Cal.4th 1015, 1054 [aider and abettor to attempted murder must intend to kill].)

As given to Rivera's jury, CALCRIM Nos. 400 and 401 stated that an aider and abettor's guilt is based on the direct perpetrator's acts and the aider and abettor's own acts and *own* mental state. (See generally *People v. McCoy* (2001) 25 Cal.4th 1111, 1117.) CALCRIM No. 401 told the jury that to prove a defendant was guilty of a crime as an aider and abettor, the

People had to prove (1) the perpetrator committed the crime; (2) the defendant knew that the perpetrator intended to commit the crime; (3) before or during the crime's commission, the defendant intended to aid and abet the perpetrator in committing the crime; and (4) the defendant's words or conduct in fact aided and abetted the perpetrator's commission of the crime. The instruction further stated that the aider and abettor must know "of the perpetrator's unlawful purpose" and specifically intend to "aid, facilitate, promote, encourage, or instigate the perpetrator's commission of that crime." (CALCRIM No. 401; see generally *People v. Perez* (2005) 35 Cal.4th 1219, 1225.)

The jury therefore did not convict Rivera under the natural and probable and consequences doctrine or other theory under which malice was merely imputed to him. (Compare *People v. Whitson* (2022) 79 Cal.App.5th 22, 27, 33 [jury was instructed on natural and probable consequences theory of liability].) He was instead convicted as a direct aider and abettor who had malice aforethought. As such, he was ineligible for section 1172.6 relief.

## DISPOSITION

The order denying Alberto Rivera's Penal Code section 1172.6 petition is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


EDMON, P. J.


We concur:



LAVIN, J.



EGERTON, J.

9